IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CR-00048-F-4

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ERIC ACOSTA FLORES, | ) | |
| Defendant. | ) | |

This matter is before the court on Eric Acosta Flores's Motion to Sever [DE-68]. The Government has responded in opposition [DE-76]. The issues have been fully briefed and are now ripe for ruling. For the reasons more fully stated below, Flores's Motion to Sever is DENIED.

**I. Factual and Procedural Background**

On February 10, 2015, Flores and codefendants Martin Acosta, Manuel Acosta, Noe Barreiro, and Dana Boylan were charged in a twenty-two count indictment. *See* Indictment [DE-1]. Flores is charged in two counts. In Count One, Flores is charged with conspiracy to distribute and possess with intent to distribute five (5) kilograms or more of cocaine, five-hundred (500) grams or more of a mixture or substance containing a detectable amount of methamphetamine, and one-hundred (100) kilograms or more of marijuana, in violation of 21 U.S.C. § 846. Count Two charges Flores with a money laundering conspiracy, in violation of 18 U.S.C. § 1956(h).

Flores filed his Motion to Sever [DE-68] on September 3, 2015. On September 17, 2015,

the Government filed its Omnibus Response[1] [DE-76], in which it opposes Flores's Motion to Sever. *Id.* at 6-8.

In the Government's Omnibus Response, it failed to object to or even address Flores's request for an *in camera* review. *Id.* In an order entered on September 23, 2015, the Government was directed to submit the recorded and unrecorded statements from Martin Acosta, Manuel Acosta and other codefendants that will make up the Government's case against Flores for an *in camera* review. September 23, 2015 Order [DE-80] at 1.

On October 8, 2015, the Government submitted the statements for an *in camera* review. The court has reviewed the Government's voluminous production.

## II. Discussion

### A. Parties' Arguments

Flores asserts that the Government's case against him consists of recorded and unrecorded statements from Martin Acosta, Manuel Acosta and other codefendants. Mot. Sever [DE-68] at 1. According to Flores, he was not a party to the bulk of these statements. *Id.* at 2. Flores argues that while the court can provide the jury with a limiting instruction on its use and consideration of his codefendants' statements, any such limiting instruction will not prevent the "manifest injustice" that will result if Flores's case is not severed from his codefendants for trial. *Id.* Flores explains that the "manifest injustice" that will occur will be the denial of his ability to exercise his Sixth Amendment right to cross-examine the proponent of these statements. *Id.*

---

[1] In its Omnibus Response, the Government responded to several pretrial motions filed by Flores on September 3-4, 2015. *See* [DE-65 - DE-70]. The motions, other than the instant Motion to Sever, were address by U.S. Magistrate Judge Robert B. Jones, Jr. in an order [DE-86] entered on October 8, 2015.

2

Additionally, Flores argues that the continued joinder of these defendants presents issues under *Bruton v. United States,* 391 U.S. 123 (1968). Mot. Sever [DE-68] at 2. Flores concludes that allowing the case to proceed to trial with all of the defendants joined would preclude him from receiving a fair trial. *Id.*

The Government notes that this case involves multiple defendants and multiple counts of criminal acts, including testimony concerning complex financial evidence, and the trial will necessarily involve the use of expert witnesses, interpreters and other witness, all at a considerable expense. Omnibus Resp. [DE-76] at 7-8. According to the Government, trying these defendants separately will unnecessarily consume massive judicial resources and costs. *Id.* at 8. The Government argues that Flores has made no showing that there would be any prejudice or harm in trying all of the defendants together. *Id.* The Government concludes that it is in the best interest of justice to try all of the defendants at the same time. *Id.*

## B. Applicable Legal Standards

### 1. Severance

Federal Rule of Criminal Procedure 8(b) provides that "[t]he indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). The Fourth Circuit Court of Appeals has observed that "[b]arring special circumstances, individuals indicted together should be tried together." *United States v. Brugman,* 655 F.2d 540, 542 (4th Cir. 1981). "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States,* 506 U.S. 534, 537-38 (1993). It is well-established that defendants charged in the same criminal conspiracy should be tried

3

together. *United States v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995) (citing *Zafiro*, 506 U.S. at 537-38; *United States v. Brooks*, 957 F.2d 1138, 1145 (4th Cir. 1992); *United States v. Parodi*, 703 F.2d 768, 779 (4th Cir. 1983)).

Federal Rule of Criminal Procedure 14(a) permits severance "[i]f the joinder . . . appears to prejudice a defendant." Fed. R. Crim. P. 14(a). In making the severance determination generally, the focus is on whether the failure to sever will result in the compromise of a specific trial right of one of the defendants or prevent the jury from making a reliable judgment concerning guilt or innocence. *Zafiro*, 506 U.S. at 539. The mere fact that severance might result in a better chance of acquittal, or that the evidence against one defendant is stronger or more inflammatory than as to another, are insufficient bases for ordering separate trials. *United States v. Strickland*, 245 F.3d 368, 384 (4th Cir. 2001); *see Reavis*, 48 F.3d at 767.

### 2. *Bruton v. United States*, 391 U.S. 123 (1968)

In *Bruton v. United States*, 391 U.S. 123 (1968), the Supreme Court held that "where a nontestifying codefendant's confession implicates the defendant, a jury instruction is inadequate as a matter of law to protect the defendant's Confrontation Clause rights." *United States v. Locklear*, 24 F.3d 641, 645 (4th Cir. 1994). The Supreme Court later held that "the Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a prior limiting instruction when . . . the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." *Richardson v. Marsh*, 481 U.S. 200, 211 (1987); *see also United States v. Akinkoye*, 185 F.3d 192, 198 (4th Cir. 1999). When a confession is only incriminating when linked with other evidence introduced later at trial, and is therefore not facially incriminating, there is no Sixth Amendment violation.

4

*Richardson*, 481 U.S. at 208; *see also Locklear*, 24 F.3d at 646 ("A *Bruton* problem exists only to the extent that the codefendant's statement in question, on its face, implicates the defendant.").

**C. Flores's trial should not be severed from his codefendants.**

A *Bruton* issue arises when a facially incriminating statement of a nontestifying codefendant is introduced at a joint trial, even if the jury is instructed to consider the confession only against the codefendant. *Bruton*, 391 U.S. at 126. One remedy is to sever the trials of the two defendants. On the other hand, the prejudice can be cured if a nontestifying codefendant's statement is redacted to eliminate any reference to the defendant and the jury is given a proper limiting instruction. *Richardson*, 481 U.S. at 211. Also, the defendant's name can be replaced by a symbol or a neutral pronoun. *United States v. Vogt*, 910 F.2d 1184, 1191-92 (4th Cir. 1990). Additionally, if the proffered statement becomes incriminating by virtue of an inference from other evidence at trial, the Confrontation Clause may not be offended if the statements are redacted and the jury is given a proper limiting instruction. *United States v. Halteh*, 224 F. App'x. 210, 217-18 (4th Cir. 2007).

In this case, the court concludes that severing Flores's trial is not appropriate. Assuming that Martin Acosta, Manuel Acosta and the other codefendants providing statements do not testify, the parties are encouraged to consider a modified redacted version of the statements that adequately protects Flores's rights under the Confrontation Clause. *See Akinkoye*, 185 F.3d at 198 (finding the neutral phrases "another person" and "another individual" were acceptable neutral modifications in a statement read to the jury). Additionally, any remaining risk of prejudice by inference can be cured by a proper limiting jury instruction advising jurors to apply the evidence separately as to each defendant.

5

## III. Conclusion

For the foregoing reasons, Flores's Motion to Sever [DE-68] is DENIED. This case remains scheduled for arraignment and trial during the court's November 30, 2015 term of court.

SO ORDERED.

This, the 16th day of October 2015.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

6

Case 5:15-cr-00048-F   Document 87   Filed 10/16/15   Page 6 of 6